# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JEFFREY MORSE,           )
          Plaintiff,     )   Case No. 2:17-cv-00073-JAD-CWH
                          )
vs.                      )   **ORDER**
                          )
TEN X HOLDINGS, LLC, et al., )
          Defendants.    )

Presently before the court is Plaintiff Jeffrey Morse's Motion for Enlargement of Time to Effectuate Service of Brian Pebley and for Service by Publication (ECF No. 14), filed on February 27, 2017.

Also before the court is Plaintiff's Motion to Serve Defendant Brian Pebley by Publication (ECF No. 16), filed on February 28, 2017.

Plainitff requests a 90-day extension of time to serve Defendant Pebley and for permission to serve him by publication. Plaintiff argues there is good cause to extend time to serve because his motion was timely in that it was made on the service deadline and because Nevada's service rules allow a plaintiff 120 days to serve a defendant. In support of his motion to serve Defendant Brian Pebley by publication, Plaintiff includes his attorney's declaration stating that Plaintiff employed a process server and that service of process was attempted at four addresses in Colorado without success. (Decl. of Jonathan B. Lee (ECF No. 16) at 3.) The declaration further states that "[d]espite the Plaintiff's diligent efforts, he has not been able to locate and serve Pebley." (*Id.*) Additionally, Plaintiff provides the process server's affidavit, which also states that service of process on Brian Pebley was unsuccessfully attempted at four separate addresses in Colorado. (Mot. to Serve Def. Brian Pebley by Publication (ECF No. 16) at Ex. 1.)

### I. SERVICE BY PUBLICATION

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides, in relevant part, that service of process on an individual that confirms with state law "in the state where the district court is located or where service is made" is proper in federal court. Rule 4(e)(1)(i) of the Nevada Rules of Civil Procedure permits service by publication "when the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or by concealment seeks to avoid service of the summons. "A party seeking service by publication under Rule 4(e) of the Nevada Rules of Civil Procedure must seek leave of court by filing an affidavit demonstrating, among other things, due diligence in attempting to personally serve the defendant. *Id.*

In evaluating due diligence, courts examine whether service "efforts were appropriate and reasonably calculated to accomplish service . . . ." *See Abreu v. Gilmer*, 985 P.2d 746, 749 (Nev. 1999). There is no "objective, formulaic standard" for determining due diligence, but the Nevada Supreme Court has characterized the analysis as one measured by the quality of service efforts. *Id.* ("[W]e note that there is no objective, formulaic standard for determining what is, or what is not, due diligence. The due diligence requirement is not quantifiable by reference to the number of service attempts or inquiries into public records. Instead, due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant.").

Based on the evidence provided in Plaintiff's attorney's declaration and the process server's affidavit, the court is unable to evaluate whether Plaintiff has demonstrated due diligence in attempting to personally serve Defendant Pebley. Although the affidavits provided state that the process server attempted service at four different addresses in Colorado, Plaintiff does not provide the court with any information regarding the due diligence that was conducted to locate Defendant Pebley, such as inquiries into public records. Thus, it is unclear how these four addresses are related to Defendant Pebley and the court is unable to evaluate the qualitative efforts made in attempting to serve Defendant Pebley at those addresses. The court therefore will deny Plaintiff's motion without prejudice.

///

## II. EXTENSION OF TIME TO SERVE

Rule 4(m) of the Federal Rules of Civil Procedure establishes the time for service on domestic defendants:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The court must extend the 90-day time limit of Rule 4(m) if the serving party shows good cause for failure to serve within 90 days. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (citing version of Rule 4(m) with 120-day deadline). If the serving party does not show good cause, the court has discretion to extend time for service, or to dismiss the complaint without prejudice. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). The court's discretion to extend time for service, or to dismiss without prejudice for failure to timely serve, is broad. *Id.*

Courts must determine on a case-by-case basis whether the serving party has shown good cause. *In re Sheehan*, 253 F.3d at 512. Generally, good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). A showing of good cause requires more than inadvertence or mistake of counsel. *Id.* "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d at 512 (quotation omitted).

At this time, Plaintiff has not demonstrated good cause to extend time to serve Defendant Pebley. Although Plaintiff argues he timely requested the extension and that Nevada law allows for 120 days to serve, this does not explain whether Plaintiff has been diligent in his efforts to serve Defendant Pebley. Without more information regarding Plaintiff's efforts, the court is unable to determine whether Plainitff has been diligent. The court therefore will deny Plaintiff's motion without prejudice.

/ / /

/ / /

/ / /

/ / /

/ / /

### III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff Jeffrey Morse's Motion for Enlargement of Time to Effectuate Service of Brian Pebley and for Service by Publication (ECF No. 14) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff Jeffrey Morse's Motion to Serve Defendant Brian Pebley by Publication (ECF No. 16) is DENIED without prejudice.

DATED: April 3, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**