# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Jeffrey Morse, executor of the estate of Donald L. Pratt,

    Plaintiff

v.

Ten X Holdings, LLC, et al.,

    Defendants

2:17-cv-00073-JAD-CWH

**Order Granting Motions to Transfer Venue and Denying Motions to Dismiss**

[ECF Nos. 6, 7, 17, 18, 19]

    Defendants Ten X Holdings, LLC, Richard F. Beston, and John Branch move to transfer this removed case to the U.S. District Court for the Northern District of Illinois or to dismiss plaintiff's claims against them.[1] The defendants base their transfer arguments on two forum-selection clauses in the contracts at the heart of this case. There is no dispute that plaintiff could have brought this case in the federal court in Northern Illinois under 28 U.S.C. § 1391(b). Plaintiff also does not dispute that his contract claims fall within the scope of the forum-selection clauses. What is disputed is whether plaintiff's tort claims do, too.

    Although the clauses are narrow in scope, I find that they are mandatory and cover plaintiff's tort claims. To avoid a transfer in this situation, plaintiff must establish that public-interest factors overwhelmingly disfavor transfer. Plaintiff has not carried his burden. I therefore grant the defendants' motions to transfer, deny their motions to dismiss without prejudice to their ability to raise any still-relevant arguments before the transferee court, and instruct the Clerk of Court to transfer this case to the U.S. District Court for the Northern District of Illinois.

---

[1] ECF Nos. 6, 7, 17, 18, 19. I find these matters suitable for disposition without oral argument. LR 78-1.

# Background

The estate of Donald L. Pratt bought $300,000 of debt in Ten X Holdings, LLC, an Illinois company that was formed to acquire and develop businesses in the financial-services industry.[2] The estate's investment is secured by a promissory note that requires Ten X to repay the investment amount by a certain date and to pay interest until paid in full.[3] The note contains a clause providing that "the parties agree to the exclusive jurisdiction and venue of state or federal courts located in Chicago, Illinois."[4] The parties also executed a subscription agreement that similarly provides that "[t]he venue for any legal action under this Agreement will be in the proper forum in the City of Chicago, State of Illinois."[5]

The estate contends that Ten X did not fulfill its obligations under the note.[6] It also contends that Ten X, its president Richard Beston and vice president John Branch, and broker-dealer Brian Pebley concealed, omitted, or failed to disclose material information affecting the estate's investment in Ten X.[7] The estate, through its executor Jeffrey Morse, sued Ten X in Nevada state court for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment,[8] and it sued all the defendants for breach of fiduciary duty, fraudulent concealment, negligent misrepresentation, civil conspiracy, and punitive damages.[9]

---

[2] ECF No. 1-1 at ¶¶ 11–16 (complaint).

[3] *Id.* at ¶¶ 15–16.

[4] ECF No. 6-3 at 4, ¶ 5(D).

[5] ECF No. 6-2 at 31, ¶ 5.

[6] ECF No. 1-1 at ¶¶ 17–18, 28–31.

[7] *Id.* at ¶¶ 19

[8] *Id.* at ¶¶ 32–44, 67–72.

[9] *Id.* at ¶¶45–66, 73–74.

Beston removed the case to federal court.[10] The defendants now move to transfer this case to the U.S. District Court for the Northern District of Illinois or to dismiss plaintiff's claims against them.[11]

**A.     Legal standard to transfer venue in a forum-selection-clause case**

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[12] The purpose of 28 U.S.C. § 1404(a) is to "prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses[,] and the public against unnecessary inconvenience and expense.'"[13] Motions to transfer lie within the district court's discretion and require an "individualized, case-by-case consideration of convenience and fairness."[14] "Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interest of justice.'"[15]

"The calculus changes, however," in a case involving a valid forum-selection clause, "which 'represents the parties' agreement as to the most proper forum.'"[16] "The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in

---

[10] ECF No. 1 (petition for removal).

[11] ECF Nos. 6, 7, 17, 18, 19.

[12] 28 U.S.C. § 1404(a).

[13] *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge F.B.L.*, 364 U.S. 19, 26 (1960)).

[14] *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

[15] *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. W.D. Tex.*, 134 S. Ct. 568, 581 (2013) (quoting 28 U.S.C. § 1404(a)).

[16] *Id.* (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)).

three ways."[17]  "First, the plaintiff's choice of forum merits no weight."[18]  "Second, [the evaluating court] . . . should not consider arguments about the parties' private interests."[19]  The court must instead "deem the private-interest factors to weigh entirely in favor of the preselected forum."[20]  "As a consequence, a district court may consider arguments about public-interest factors only."[21]  "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases."[22]  "Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations."[23]  The "party acting in violation of the forum-selection clause . . . bear[s] the burden of showing that public-interest factors overwhelmingly disfavor a transfer."[24]

A motion under § 1404(a) is the proper vehicle to enforce a forum-selection clause that points to a federal forum, while a motion under the doctrine of *forum non conveniens* is the proper way to enforce a clause that points to a nonfederal forum.[25]  But the analysis is the same whether the clause points to a federal forum or a nonfederal forum.[26]

---

[17] *Id.*

[18] *Id.*

[19] *Id.* at 582.

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.* at 580 (citation omitted).

[26] *Id.* (citation omitted) (explaining that, "because both § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, courses should

The Ninth Circuit has recognized that the scope of a forum-selection clause is not necessarily limited to contract claims.[27] The success of a "forum non conveniens argument hinges on whether the . . . forum[-]selection clause applies to" the other party's claims.[28] "Whether a party's claims sufficiently relate to a contract to fall within the scope of its forum[-]selection clause is a question of law . . . ."[29]

**B.  The contracts contain mandatory but narrow forum-selection clauses.**

The contracts at issue in this case consist of a confidential disclosure statement, a promissory note, a subscription agreement and power of attorney, and a purchaser questionnaire.[30] The subscription agreement states that it "will be governed by and construed in accordance with the laws of the State of Illinois. The venue for any legal action under this Agreement will be in the proper forum in the City of Chicago, State of Illinois."[31] The note provides that it "will be governed by, and construed in accordance with, Illinois law (excluding the conflicts of law provisions), and the parties agree to the exclusive jurisdiction and venue of state or federal courts located in Chicago, Illinois."[32]

Although not addressed by the parties, these contracts constitute a single agreement and must be read together because they were contemporaneously signed by the same parties and

---

evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum").

[27] *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988).

[28] *In re Orange, S.A.*, 818 F.3d 956, 961–62 (9th Cir. 2016).

[29] *Rey v. Rey*, 666 Fed. Appx. 675, 676 (9th Cir. 2016) (unpublished).

[30] ECF No. 6-2.

[31] *Id.* at 31, ¶ 5. By designating courts "in" the city of Chicago, Illinois, the subscription agreement's forum selection clause refers to state or federal courts. *Accord Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081–82 (9th Cir. 2009) (interpreting "forum[-]selection clause designating courts 'of,' rather than 'in,' a state" as referring only to the state courts not also the federal courts in that state).

[32] ECF No. 6-3 at 4, ¶ 5(D).

5

relate to the same subject matter.[33] The disclosure statement is dated January 15, 2010;[34] the note is dated February 25, 2010, and was signed by Beston;[35] the subscription agreement was signed by Morse on behalf of the estate on January 27, 2010;[36] and the questionnaire was signed by Morse on behalf of the estate on January 27, 2010.[37] The contracts repeatedly refer to one another.[38] Finally, all of the contracts relate to the same subject matter: the estate purchasing debt in Ten X in the form of a note.

The forum-selection clauses in both contracts contain mandatory language: "venue . . . **will** be proper"[39] and "**exclusive** jurisdiction and venue . . . ."[40] The subscription agreement's clause refers to legal actions "under" that agreement.[41] The note's clause is silent on this issue.[42] The Ninth Circuit has interpreted clauses using phrases like "arising under" as being narrower in scope than ones using phrases like "arising out of or relating to."[43] I find that these clauses are mandatory in nature but narrow in scope.

---

[33] *See Kelsey v. Clausen*, 100 N.E. 984, 986 (Ill. 1913).

[34] ECF No. 6-2 at 2.

[35] ECF No. 6-3 at 2, 5.

[36] ECF No. 6-2 at 32.

[37] *Id.* at 37.

[38] *See, e.g., id.* at 3, 10–11, 23, 28, 34.

[39] *Id.* at 31, ¶ 5 (emphasis added).

[40] ECF No. 6-3 at 4, ¶ 5(D) (emphasis added).

[41] ECF No. 6-2 at 31, ¶ 5.

[42] ECF No. 6-3 at 4, ¶ 5(D).

[43] *Rey*, 666 Fed. Appx. at 676 (quoting in parenthetical *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1464 (9th Cir. 1983)).

**C.  Plaintiff's claims fall within the scope of these forum-selection clauses.**

Narrow forum-selection clauses cover only "claims that cannot 'be adjudicated without analyzing whether the parties were in compliance' with the agreement containing the clause."[44] Plaintiff does not dispute that the note's forum-selection clause covers his breach-of-contract and breach-of-implied-covenant-of-good-faith-and-fair-dealing[45] claims against Ten X. But the parties disagree about whether plaintiff's tort claims fall within these clauses' scope.

Plaintiff pleads claims for breach of fiduciary duty, fraudulent concealment, negligent misrepresentation, civil conspiracy, and unjust enrichment.[46] Plaintiff alleges that a fiduciary relationship exists between the estate and the defendants because of "their special relationship."[47] It appears from plaintiff's allegations that the contracts forming the parties' agreement are the basis for their special relationship. Thus, the court will have to examine the contracts to determine what duty, if any, the defendants owed plaintiff. The same is true for plaintiff's fraudulent-concealment claim, which requires him to establish that the defendants owed the estate a duty to disclose the allegedly concealed facts.[48]

---

[44] *Id.* (quoting *Manetti-Farrow*, 858 F.2d at 514).

[45] Nevada recognizes two species of breach of the implied covenant of good faith and fair dealing: one sounds in contract and the other is a hybrid of contract and tort. *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922–23 (Nev. 1991). To plead the "'contort'" version of this claim, the plaintiff must allege a special element of reliance or fiduciary duty. *Id.* Although these allegations are later found in plaintiff's complaint, they do not appear in the portion that sets up this claim. ECF No. 1-1 at ¶¶ 39–44. Plaintiff, thus, pleads only the contract form of this claim.

[46] ECF No. 1-1 at ¶¶ 45–72. Plaintiff also asserts a "claim" for "punitive damages," ECF No. 1-1 at ¶¶73–74, but punitive damages is not a stand-alone cause of action. *See* Nev. Rev. Stat. § 42.005(1) (punitive damages can be awarded "in an action for breach of an obligation not arising from contract").

[47] ECF No. 1-1 at ¶ 46.

[48] *See Nev. Power Co. v. Monsanto Co.*, 891 F. Supp. 1406, 1415 (D. Nev. 1995).

7

Plaintiff alleges that the defendants breached their fiduciary duties "by failing to disclose numerous material facts in the Confidential Disclosure Statement"[49] and breached their duties to disclose by "conceal[ing] numerous material facts in the Confidential Disclosure Statement."[50] The trier of fact will need to examine the contracts to resolve the breach elements of plaintiff's breach-of-fiduciary-duty and fraudulent-concealment claims (e.g., to determine what information the defendants did disclose). Plaintiff's negligent-misrepresentation claim requires him to show that the defendants supplied the estate with false information.[51] And because the only information that plaintiff alleges the estate was supplied with is contained in the contracts, the trier of fact will have to examine and interpret those documents to resolve this claim, too. The same rationale applies to plaintiff's civil-conspiracy claim, which baldly alleges that the "[d]efendants acted in concert with one another with respect to the concealment of material information."[52] Finally, because a claim for "unjust enrichment is not available when there is an express, written contract,"[53] the court will have to examine and interpret the contracts to resolve this claim against Ten X. Based on this record, I find that none of plaintiff's tort claims can be adjudicated without analyzing and interpreting the contracts that form the parties' agreement about the estate's purchase of debt in Ten X.

**D.     This is not an extraordinary case where exceptional public-interest factors overwhelmingly disfavor a transfer.**

Because all of plaintiff's claims fall within the scope of the forum-selection clauses, he bears the burden to show that the public-interest factors overwhelmingly disfavor a transfer. The public-interest factors include "the administrative difficulties flowing from court congestion";

---

[49] ECF No. 1-1 at ¶ 48.

[50] *Id.* at ¶ 53.

[51] *Land Baron Inv. v. Bonnie Springs Family LP*, 356 P.3d 511, 518 (Nev. 2015).

[52] ECF No. 1-1 at ¶ 65.

[53] *Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975*, 942 P.2d 182, 187 (Nev. 1997).

"the 'local interest in having localized controversies decided at home'"; "the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action"; "the avoidance of unnecessary problems in conflicts of laws"; and "the unfairness of burdening citizens in an unrelated forum with jury duty."[54]

Plaintiff doesn't address any of these factors; he merely states without authority or analysis that Nevada has an interest in holding non-resident defendants accountable for their tortious actions.[55] I therefore find that plaintiff has not met his burden to show that this is an extraordinary case where the public-interest factors overwhelmingly disfavor a transfer.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Beston and Ten X's motions to transfer venue **[ECF Nos. 7, 17]** are **GRANTED** and these defendants' motions to dismiss **[ECF Nos. 6, 18]** are **DENIED** without prejudice to the ability to raise any arguments still relevant after transfer before the transferee court. Branch's motion to dismiss or alternatively to transfer venue **[ECF No. 19]** is **GRANTED in part** as to the request to transfer venue and **DENIED** without prejudice to the ability to raise any arguments still relevant after transfer before the transferee court. **The Clerk of Court is directed to TRANSFER this case to the U.S. District Court for the Northern District of Illinois.**

DATED: September 13, 2017.

_____
U.S. District Judge Jennifer A. Dorsey

---

[54] *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981).

[55] *See, e.g.,* ECF No. 10 at 5–9; ECF No. 24 at 5–8; ECF No. 25 at 7–8.